## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAVGEN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 20-1644-RGA-JLH |
| v. | ) | |
| | ) | |
| ILLUMINA, INC. AND VERINATA HEALTH, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO RAVGEN'S COMPLAINT

Defendants Illumina, Inc. and Verinata Health, Inc. (collectively "Illumina"), answer and respond to each of the allegations in the Complaint for Patent Infringement ("Complaint") of Plaintiff Ravgen, Inc. ("Ravgen"). Unless expressly admitted, Illumina denies each and every allegation in Ravgen's Complaint. To the extent the allegations in the Complaint purport to characterize the nature or contents of the Exhibits to the Complaint, Illumina lacks sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies them. Additionally, to the extent that the headings or any other non-numbered statements in the Complaint contain any allegations, Illumina denies each and every such allegation.

## NATURE OF THE ACTION

1.      Illumina admits that the Complaint purports to state a claim for patent infringement of United States Patent Nos. 7,727,720 (the "'720 Patent") and 7,332,277 (the "'277 Patent") (collectively the "Patents-in-Suit"), arising under the Patent Laws of the United States, 35 U.S.C. §§ 271 et seq. Except as so admitted, Illumina denies any remaining allegations in paragraph 1.

{01656204;v1 }

**THE PARTIES**

2.      Illumina lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 2 and on that basis denies them.

3.      Illumina admits that Illumina, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 5200 Illumina Way, San Diego, California, 92122. Illumina admits that it has appointed The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

4.      Illumina admits that Verinata Health, Inc. ("VHI") is a corporation organized under the laws of Delaware with its principal place of business at 5200 Illumina Way, San Diego, California 92122.   Illumina further admits that VHI has appointed The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.  Illumina further admits that VHI is a wholly owned subsidiary of Illumina.

5.      Illumina admits that it has commercialized noninvasive prenatal testing products under the tradename "Verifi" based on sequencing cell-free DNA from a maternal blood sample to screen for aneuploidy of chromosomes.  Except as so admitted, Illumina denies any remaining allegations in paragraph 5.

6.      Illumina admits that it has commercialized noninvasive prenatal testing products in the United States on a research use only basis under the tradename "VeriSeq" based on sequencing cell-free DNA from a maternal blood sample to screen for aneuploidy of chromosomes.  Except as so admitted, Illumina denies any remaining allegations in paragraph 6.

7.      Illumina admits that it has developed oncology testing products under the tradename "TruSight" based on sequencing cell-free DNA.  Illumina denies that it has provided

testing services based on the TruSight products for cell-free DNA.  Except as so admitted, Illumina denies any remaining allegations in paragraph 7.

8.     Illumina admits that it has commercialized in the United States noninvasive prenatal testing under the tradename "Verifi" based on sequencing cell-free DNA from a maternal blood sample to screen for aneuploidy of chromosomes.  Illumina further admits that it has commercialized noninvasive prenatal testing products in the United States on a research use only basis under the tradename "VeriSeq" based on sequencing cell-free DNA from a maternal blood sample to screen for aneuploidy of chromosomes.  Illumina admits that it has developed oncology testing products under the tradename "TruSight" based on sequencing cell-free DNA.  Illumina denies that it has provided testing services based on the TruSight products for cell-free DNA. Except as so admitted, Illumina denies any remaining allegations in paragraph 8.

## JURISDICTION AND VENUE

9.     Illumina incorporates by reference and restates its responses to paragraphs 1–8 of the Complaint as though fully set forth herein.

10.     Illumina admits that the Complaint purports to state a claim for patent infringement arising under the patent laws of the United States, including 35 U.S.C §§ 271, et seq.  Illumina further admits that this Court has subject matter jurisdiction over causes of action for alleged patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.     Illumina admits that Defendants are entities organized under the laws of Delaware and that venue is proper in this District.  Except as so admitted, Illumina denies any remaining allegations of paragraph 11, and specifically denies that it has committed any acts of infringement.

12.     Illumina admits that it conducts business in Delaware and that this Court has personal jurisdiction over Illumina.  Except as so admitted, Illumina denies any remaining allegations of paragraph 12, and specifically denies that it has committed any acts of infringement.

13.     Illumina admits that Defendants are entities organized under the laws of Delaware and this Court has personal jurisdiction over Illumina.  Except as so admitted, Illumina denies any remaining allegations of paragraph 13, and specifically denies that it has committed any acts of infringement in this District.

## **BACKGROUND OF THE INVENTIONS**

14.     Illumina lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 14 and on that basis denies them.

15.     Illumina lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 15 and on that basis denies them.

16.     Illumina lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 16 and on that basis denies them.

17.     Illumina lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 17 and on that basis denies them.

18.     Illumina lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 18 and on that basis denies them.

19.     Illumina lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 19 and on that basis denies them.

20.     Illumina admits that Exhibit 13 appears to be an article that states, "the methods described herein for increasing the percentage of free fetal DNA provide a solid foundation for the development of a noninvasive prenatal diagnostic test."  Illumina denies that Exhibit 13 states "the methods described herein for increasing the percentage of cell-free fetal DNA provide a solid foundation for the development of a noninvasive prenatal diagnostic test."  Illumina lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 20 and on that basis denies them.

21.     Illumina admits that paragraph 21 includes a reproduction of two excerpts from Exhibit 14.  Illumina lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 21 and on that basis denies them.

22.     Illumina admits that the articles cited in paragraph 22 of the Complaint were published in 2007.  Except as so admitted, Illumina denies any remaining allegations of paragraph 22.

23.     Illumina admits that the articles cited in paragraph 23 of the Complaint were published in 2007.  Except as so admitted, Illumina denies any remaining allegations of paragraph 23.  Illumina lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 23 and on that basis denies them.

24.     Illumina lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 24 and on that basis denies them.

## PATENTS-IN-SUIT

25.     Illumina incorporates and restates by reference its responses to paragraphs 1–24 of the Complaint as though fully set forth herein.

26.     Illumina admits that the '277 Patent is entitled "Methods for Detection of Genetic Disorders."  Illumina further admits that, on its face, the '277 Patent states that it was issued on February 19, 2008, that the named inventor is Ravinder S. Dhallan, and that the '277 Patent is assigned to Ravgen, Inc.  Illumina further admits that Exhibit 1 appears to be a copy of the '277 Patent.  Except as so admitted, Illumina denies any remaining allegations of paragraph 26.

27.     Illumina lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 27 and on that basis denies them.

28.     Illumina admits that the '720 Patent is entitled "Methods for Detection of Genetic Disorders."  Illumina further admits that, on its face, the '720 Patent states that it was issued on

June 1, 2010, that the named inventor is Ravinder S. Dhallan, and that the '277 Patent is assigned to Ravgen, Inc.  Illumina further admits that Exhibit 2 appears to be a copy of the '720 Patent. Except as so admitted, Illumina denies any remaining allegations of paragraph 28.

29.     Illumina lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 29 and on that basis denies them.

30.     Illumina admits that paragraph 30 contains a reproduction of claim 81 of the '277 Patent.  Except as so admitted, Illumina denies any remaining allegations of paragraph 30.

31.     Illumina admits that paragraph 31 contains a reproduction of claim 1 of the '720 Patent.  Except as so admitted, Illumina denies any remaining allegations of paragraph 31.

32.     Illumina admits that paragraph 32 contains a reproduction of an excerpt from the '277 and '720 Patents at 32:24-39 and 33:31-46, respectively.  Except as so admitted, Illumina denies any remaining allegations of paragraph 32.

33.     Illumina admits that paragraph 33 contains a reproduction of an excerpt from the '277 and '720 Patents at 91:44-60 and 92:10-26, respectively.  Except as so admitted, Illumina denies any remaining allegations of paragraph 33.

34.     Illumina admits that paragraph 34 contains a reproduction of two excerpts from exhibit 20, which appears to be an excerpt from the file history of the '720 Patent.  Except as so admitted, Illumina denies any remaining allegations of paragraph 34.

35.     Illumina admits that paragraph 35 contains a reproduction of an excerpt from exhibit 14.  Except as so admitted, Illumina denies any remaining allegations of paragraph 35.

36.     Illumina admits that Exhibit 21 appears to be an excerpt from the file history of the '277 patent.  Illumina further admits that paragraph 36 contains a reproduction of claim 1 of the '277 Patent.  Except as so admitted, Illumina denies any remaining allegations in paragraph 36.

37.     Illumina admits that paragraph 37 contains a reproduction of three excerpts from the '277 Patent at 66:14-20, 35:28-29, and 35:32-37.  Except as so admitted, Illumina denies any remaining allegations in paragraph 37.

38.     Illumina admits that paragraph 38 contains a reproduction of two excerpts from Exhibit 21, which appears to be an excerpt from the file history of the '277 Patent.  Except as so admitted, Illumina denies any remaining allegations of paragraph 38.

## DEFENDANTS' INFRINGING ACTIVITIES

39.     Illumina incorporates by reference and restates its responses to paragraphs 1–38 of the Complaint as though fully set forth herein.

### A.     The Accused Prenatal Tests

40.     Illumina admits that VHI began providing the Verifi prenatal test on or around March 2012 to test for fetal chromosomal abnormalities.  Illumina admits that Exhibit 23 to the Complaint states that Illumina agreed to acquire VHI on January 7, 2013.  Illumina admits it began providing the Verifi Plus prenatal test in 2017.  Except as so admitted, Illumina denies any remaining allegations in paragraph 40.

41.     Illumina admits that the Verifi and Verifi Plus tests are noninvasive prenatal testing products based on cell-free DNA analysis from a maternal blood draw.  Except as so admitted, Illumina denies any remaining allegations in paragraph 41.

42.     Illumina admits that Exhibits 25-27 to the Complaint state that Streck tubes can be used for sample collection for the Verifi test.  Except as so admitted, Illumina denies any remaining allegations in paragraph 42.

43.     Illumina admits that Exhibits 28-31 to the Complaint discuss the use of Streck blood collection tubes in connection with research and development efforts.  Except as so admitted, Illumina denies any remaining allegations in paragraph 43.

44.     Illumina admits that paragraph 44 includes a reproduction of certain material from paragraph 32 of the Complaint.  Otherwise, Illumina lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 44 and on that basis denies them.

45.     Illumina admits that Verifi and Verifi Plus Tests entail the analysis of cell-free DNA from a sample of maternal blood.  Illumina further admits that paragraph 45 of the complaint includes a reproduction of materials from Exhibits 28, 29, and 33 to the Complaint.  Except as so admitted, Illumina denies any remaining allegations in paragraph 45.

**B.     The Accused VeriSeq Tests**

46.     Illumina admits that it began commercializing the VeriSeq NIPT Solution in 2017 and the VeriSeq NIPT Solution v2 in 2019, both are available in the US solely on a research use only basis.  Illumina denies any remaining allegations in paragraph 46.

47.     Illumina admits that Exhibit 36 states, inter alia, VeriSeq is a "test intended for use as a sequencing-based screening test for the detection of fetal aneuploidies from maternal peripheral whole blood samples in pregnant women of at least 10 weeks gestation."  Except as so admitted, Illumina denies any remaining allegations in paragraph 47.

48.     Illumina admits that the VeriSeq NIPT Microlab STAR system is marketed for NIPT testing.  Illumina further admits that VeriSeq is a trademark of Illumina.  Except as so admitted, Illumina denies any remaining allegations in paragraph 48.

49.     Illumina admits paragraph 49 includes a reproduction of material in Exhibit 36 and 40 to the Complaint.  Except as so admitted, Illumina lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 49 and on that basis denies them.

50.     Illumina lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 50 and on that basis denies them.

51.     Illumina admits that paragraph 51 contains a reproduction of an image from Exhibit 10 to the Complaint.  Illumina further admits that paragraph 51 contains a reproduction of material in Exhibits 36 and 38 to the Complaint.  Except as so admitted, Illumina denies any remaining allegations in paragraph 51.

52.     Illumina admits that it provides equipment and reagents to certain customers that allows them to perform non-invasive prenatal testing.  Except as so admitted, Illumina denies any remaining allegations in paragraph 52.

53.     Illumina admits that it provides equipment and reagents to certain customers that allows them to perform non-invasive prenatal testing.  Except as so admitted, Illumina denies any remaining allegations in paragraph 53.

54.     Illumina admits that it provides equipment and reagents to certain customers that allows them to perform non-invasive prenatal testing . Except as so admitted, Illumina denies any remaining allegations in paragraph 54.

55.     Illumina admits that it provides equipment and reagents to certain customers that allows them to perform non-invasive prenatal testing.  Except as so admitted, Illumina denies any remaining allegations in paragraph 55.

**C.      The Accused TruSight Tests**

56.     Illumina admits that it began commercializing the TruSight Oncology 500 ctDNA ("TSO 500 ctDNA") solution for detecting cancer biomarkers in 2019.  Except as so admitted, Illumina denies any remaining allegations in paragraph 56.

57.     Illumina admits that it began commercializing the TruSight Tumor 170 solution in 2016.  Illumina also admits that it published product literature on the TruSight Tumor 170 solution,

entitled "Using TruSight Oncology UMI Reagents with TruSight Tumor 170 DNA Content for Detection of Low-Frequency Variants in Cell-Free DNA" on April 12, 2018. Illumina denies any remaining allegations in paragraph 57.

58.     Illumina admits that the TSO 500 ctDNA and TruSight Tumor 170 products appear on Illumina's website and that Illumina's website provides some documents related to these products.  Defendants further admit certain of those publications describe the use of Streck blood collection tubes in connection with certain research and development efforts related to oncology testing products based on the use of cell-fee DNA.  Except as so admitted, Illumina denies any remaining allegations in paragraph 58.

59.     Illumina admits that paragraph 59 contains a reproduction of material in Exhibits 11, 49, 51, and 52 to the Complaint.  Illumina denies that Exhibit 49 states "NGS-based assay that assesses multiple variant types in 523 cancer-related genes from cellfree DNA (cfDNA)."  Except as so admitted, Illumina denies any remaining allegations in paragraph 59.

60.     Illumina admits that paragraph 60 contains a reproduction of material in Exhibits 51-53 to the Complaint.  Except as so admitted, Illumina lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 60 and on that basis denies them.

61.     Illumina lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 61 and on that basis denies them.

62.     Illumina admits that paragraph 62 contains a reproduction of an image from Exhibit 54 to the Complaint, and a reproduction of material in Exhibits 51 and 55 to the Complaint.  Except as so admitted, Illumina denies any remaining allegations in paragraph 62.

63.     Illumina admits that paragraph 63 contains a reproduction of an image from Exhibit 56 to the Complaint, and a reproduction of material in Exhibits 52 and 57 to the Complaint.  Except as so admitted, Illumina denies any remaining allegations in paragraph 63.

64.     Illumina admits that it provides equipment and reagents to certain customers that allows them to perform certain forms of oncology testing.  Illumina further admits that it has a relationship with Frederick National Laboratory related to the validation of the TSO 500 test. Illumina denies any remaining allegations in paragraph 64.

65.     Illumina admits that it provides equipment and reagents to customers that allows them to perform certain forms of oncology testing.  Except as so admitted, Illumina denies any remaining allegations in paragraph 65.

66.     Illumina admits that it provides equipment and reagents to certain customers that allows them to perform certain forms of oncology testing.  Except as so admitted, Illumina denies any remaining allegations in paragraph 66.

67.     Illumina admits that paragraph 67 contains a reproduction of material from Exhibit 51 to the Complaint.  Illumina admits that it provides equipment and reagents to customers that allows them to perform the certain forms of oncology testing.  Except as so admitted, Illumina denies any remaining allegations in paragraph 67.

### D.      **Defendants' Knowledge Of The Ravgen Patents**

68.     Denied.

69.     Illumina denies that it has infringed the Patents-in-Suit and that it was willfully blind to the Patents-in-Suit or any such infringement as alleged.  Except as so admitted, Illumina denies any remaining allegations in paragraph 69.

70.     Illumina denies that it has infringed the Patents-in-Suit and that it was willfully blind to the Patents-in-Suit or any such infringement as alleged.  Except as so admitted, Illumina denies any remaining allegations in paragraph 70.

71.     Illumina admits that the '277 Patent and/or U.S. Patent Application Publication No. 2004/0137470 were cited during prosecution of the patents listed in paragraph 71 of the Complaint, and that the listed patents issued over the Ravgen patents and applications.  Illumina denies that it has infringed the Patents-in-Suit and that it was willfully blind to the Patents-in-Suit or any such infringement as alleged. Except as so admitted, Illumina denies any remaining allegations in paragraph 71.

72.     Illumina admits that the '277 Patent and/or U.S. Patent Application Publication No. 2004/0137470 were cited during the prosecution of the patent applications listed in paragraph 72 of the Complaint.  Illumina denies that it has infringed the Patents-in-Suit and that it was willfully blind to the Patents-in-Suit or any such infringement as alleged.  Except as so admitted, Illumina denies any remaining allegations in paragraph 72.

73.     Illumina admits that the '720 Patent and/or U.S. Patent Application Publication No. 2006/0121452 were cited during prosecution of the patents listed in paragraph 73 of the Complaint, and that the listed patents issued over the Ravgen patents and applications.  Illumina denies that it has infringed the Patents-in-Suit and that it was willfully blind to the Patents-in-Suit or any such infringement as alleged. Except as so admitted, Illumina denies any remaining allegations in paragraph 73.

74.     Illumina admits that the '720 Patent and/or U.S. Patent Application Publication No. 2006/0121452 were cited during the prosecution of the patent applications listed in paragraph 74 of the Complaint.  Illumina denies that it has infringed the Patents-in-Suit and that it was willfully

blind to the Patents-in-Suit or any such infringement as alleged.  Except as so admitted, Illumina denies any remaining allegations in paragraph 74.

75.     Illumina admits that the '277 Patent owned by Ravgen was cited in connection with certain *inter partes* review proceedings involving U.S. Patent No. 8,318,430, and that U.S. Patent No. 8,318,430 was determined to be valid in view of the '277 Patent.  Illumina denies that it has infringed the Patents-in-Suit and that it was willfully blind to the Patents-in-Suit or any such infringement as alleged.  Illumina further admits that the '277 Patent owned by Ravgen was cited in connection with certain *inter partes* review proceedings involving U.S. Patent No. 8,682,592, and that the Patent Trials and Appeals Board determined the skilled artisan would not have had a reasonable expectation of being able to successfully carry out the claimed processes of U.S. Patent No. 8,682,592 based on the disclosure of the Ravgen '277 Patent.  Except as so admitted, Illumina denies any remaining allegations in paragraph 75.

76.     Illumina admits that VHI was a party in Case Nos. IPR2013-00276 and IPR2013-00277 at the PTAB.

77.     Illumina admits that the '277 Patent owned by Ravgen was cited in connection with certain *inter partes* review proceedings involving U.S. Patent No. 8,318,430, and that U.S. Patent No. 8,318,430 was determined to be valid in view of the Ravgen patent.  Illumina denies that it has infringed the Patents-in-Suit and that it was willfully blind to the Patents-in-Suit or any such infringement as alleged.  Except as so admitted, Illumina denies any remaining allegations in paragraph 77.

78.     Illumina admits that the '277 Patent owned by Ravgen was cited in connection with certain *inter partes* review proceedings involving U.S. Patent No. 8,318,430 and appeals thereof. Illumina further admits that U.S. Patent No. 8,318,430 was determined to be valid in view of the

'277 Patent and that this decision was affirmed by the United States Court of Appeals for the Federal Circuit.  Illumina denies that it has infringed the Patents-in-Suit and that it was willfully blind to the Patents-in-Suit or any such infringement as alleged.  Except as so admitted, Illumina denies any remaining allegations in paragraph 78.

79.     Illumina admits that it was a party in Case No. IPR2018-01317 at the PTAB.

80.     Illumina admits that the '277 Patent owned by Ravgen was cited in connection with certain *inter partes* review proceedings involving U.S. Patent No. 9,493,831 for the purpose of explaining that the PTAB previously determined that U.S. Patent No. 8,318,430 was valid in view of the '277 Patent.  Illumina further admits that the PTAB declined to institute review of U.S. Patent No. 9,493,831.  Illumina denies that it has infringed the Patents-in-Suit and that it was willfully blind to the Patents-in-Suit or any such infringement as alleged.  Except as so admitted, Illumina denies any remaining allegations in paragraph 80.

81.     Illumina admits it initiated and was a party in Case No. IPR2019-01201 at the PTAB.

82.     Illumina admits that the '277 Patent owned by Ravgen was cited in connection with certain *inter partes* review proceedings filed by Illumina on June 13, 2019 involving U.S. Patent No. 8,682,592, and that the Patent Trials and Appeals Board determined the skilled artisan would not have had a reasonable expectation of being able to successfully carry out the claimed processes of U.S. Patent No. 8,682,592 based on the disclosure of the Ravgen '277 Patent.  Illumina denies that it has infringed the Patents-in-Suit and that it was willfully blind to the Patents-in-Suit or any such infringement as alleged.  Except as so admitted, Illumina denies any remaining allegations in paragraph 82.

83.     Illumina admits that the '277 Patent owned by Ravgen was cited in connection with certain *inter partes* review proceedings involving U.S. Patent No. 8,682,592, and that the Patent Trials and Appeals Board determined the skilled artisan would not have had a reasonable expectation of being able to successfully carry out the claimed processes of U.S. Patent No. 8,682,592 based on the disclosure of the Ravgen '277 Patent.  Illumina denies that it has infringed the Patents-in-Suit and that it was willfully blind to the Patents-in-Suit or any such infringement as alleged.  Except as so admitted, Illumina denies any remaining allegations in paragraph 83.

84.     Illumina admits that the '277 Patent and the application that matured into the '720 Patent (U.S. Patent Application Publication No. 2006/0121452) owned by Ravgen were cited in connection with certain reexamination proceedings involving U.S. Patent No. 8,318,430, and that those reexaminations were terminated.  Illumina denies that it has infringed the Patents-in-Suit and that it was willfully blind to the Patents-in-Suit or any such infringement as alleged.  Except as so admitted, Illumina denies any remaining allegations in paragraph 84.

85.     Illumina admits a request for reexamination was filed on January 8, 2016 challenging U.S. Patent No. 8,318,430.  Illumina denies any remaining allegations in paragraph 85.

86.     Illumina admits that VHI filed motions at the PTAB to terminate the '678 Reexamination in February 2016 and that the Patent Office reexamination unit terminated those reexaminations.  Illumina denies that it has infringed the Patents-in-Suit and that it was willfully blind to the Patents-in-Suit or any such infringement as alleged.  Except as so admitted, Illumina denies any remaining allegations in paragraph 86.

87.     The cited correspondence does not refer to the Patent-in-Suit, and on this basis Illumina denies the allegations of paragraph 87.

88.     Illumina admits that Exhibit 66 of the Complaint reflects email correspondence between Grainger Greene and Dr. Dhallan, between January 21, 2009 and February 4, 2009. Except as so admitted, Illumina denies any remaining allegations in paragraph 88.  Illumina denies that it has infringed the Patents-in-Suit and that it was willfully blind to the Patents-in-Suit or any such infringement as alleged.

89.     Illumina admits that Exhibit 66 of the Complaint reflects email correspondence between Grainger Greene and Dr. Dhallan, between January 21, 2009 and February 4, 2009. Except as so admitted, Illumina denies any remaining allegations in paragraph 89.  Illumina denies that it has infringed the Patents-in-Suit and that it was willfully blind to the Patents-in-Suit or any such infringement as alleged.

90.     Illumina admits that VHI changed its name from Artemis Health to Verinata Health, Inc. in 2011.  Except as so admitted, Illumina denies any remaining allegations in paragraph 90. Illumina denies that it has infringed the Patents-in-Suit and that it was willfully blind to the Patents-in-Suit or any such infringement as alleged.

91.     Illumina admits that Exhibit 69 of the Complaint reflects email correspondence between Frank Garofalo and certain employees at Illumina, between May 3, 2016 and June 3, 2016.  Except as so admitted, Illumina denies any remaining allegations in paragraph 91.  Illumina denies that it has infringed the Patents-in-Suit and that it was willfully blind to the Patents-in-Suit or any such infringement as alleged.

92.     Illumina admits that Exhibit 69 of the Complaint reflects email correspondence between Frank Garofalo and certain employees at Illumina, between May 3, 2016 and June 3, 2016.  Except as so admitted, Illumina denies any remaining allegations in paragraph 92.  Illumina

denies that it has infringed the Patents-in-Suit and that it was willfully blind to the Patents-in-Suit or any such infringement as alleged.

93.     Illumina admits that Exhibits 69 and 70 of the Complaint reflect email correspondence between Frank Garofalo and certain employees at Illumina on June 10, 2016. Except as so admitted, Illumina denies any remaining allegations in paragraph 93.  Illumina denies that it has infringed the Patents-in-Suit and that it was willfully blind to the Patents-in-Suit or any such infringement as alleged.

94.     Illumina denies that it has infringed the Patents-in-Suit and that it was willfully blind to the Patents-in-Suit or any such infringement as alleged.

95.     Denied.

## COUNT I

### A.     (Infringement Of The '277 Patent)

96.     Illumina incorporates by reference and restates its response to paragraphs 1–95 of the Complaint as though fully set forth herein.

97.     Denied.

98.     Denied.

99.     Illumina admits that paragraph 99 contains a reproduction of excerpts from Exhibits 28, 32, and 33 to the Complaint.  Except as so admitted, Illumina denies any remaining allegations of paragraph 99.

100.     Illumina admits that paragraph 100 contains a reproduction of excerpts from Exhibit 9 to the Complaint.  Except as so admitted, Illumina denies any remaining allegations of paragraph 100.

101.     Denied.

102.    Illumina admits that paragraph 102 contains a reproduction of excerpts from Exhibit 9 to the Complaint.  Except as so admitted, Illumina denies any remaining allegations of paragraph 102.

103.    Denied.

104.    Illumina admits that paragraph 104 contains a reproduction of excerpts from Exhibits, 32, 36, and 37 to the Complaint.  Except as so admitted, Illumina denies any remaining allegations of paragraph 104.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.


## COUNT II

A.    (Infringement Of The '720 Patent)

114.    Illumina incorporates by reference and restates its response to paragraphs 1–113 of the Complaint as though fully set forth herein.

115.    Denied.

116.    Denied.

117.    Illumina admits that paragraph 117 contains a reproduction of excerpts from Exhibits 28, 32, and 33 to the Complaint.  Except as so admitted, Illumina denies any remaining allegations of paragraph 117.

118.    Illumina admits that paragraph 118 contains a reproduction of excerpts from Exhibit 9 to the Complaint.  Except as so admitted, Illumina denies any remaining allegations of paragraph 118.

119.    Denied.

120.    Illumina admits that paragraph 120 contains a reproduction of excerpts from Exhibit 9 to the Complaint.  Except as so admitted, Illumina denies any remaining allegations of paragraph 120.

121.    Denied.

122.    Illumina admits that paragraph 122 contains a reproduction of excerpts from Exhibits 26, 27, 32, 36, and 71 to the Complaint.  Except as so admitted, Illumina denies any remaining allegations of paragraph 122.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Illumina admits that paragraph 128 contains a reproduction of excerpts from Exhibits 32, 51, 52, and 71 to the Complaint.  Except as so admitted, Illumina denies any remaining allegations of paragraph 128.

129.    Illumina admits that paragraph 129 contains a reproduction of excerpts from Exhibits 52 and 72 to the Complaint.  Except as so admitted, Illumina denies any remaining allegations of paragraph 129.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

## PRAYER FOR RELIEF

Illumina denies that Ravgen is entitled to any relief whatsoever, including the relief stated in paragraph A through G, from either Illumina or the Court.  Ravgen's prayer for relief should be denied in its entirety.

## AFFIRMATIVE DEFENSES

Illumina hereby sets forth defenses to the Complaint in order to place Ravgen on notice regarding applicable defenses.  By listing any matter as a defense herein, Illumina does not assume the burden of proving any matter upon which Ravgen, or any other party, bears the burden of proof under applicable law.

## FIRST DEFENSE – NON-INFRINGEMENT

1.    Illumina has not infringed, and is not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid and enforceable claim of the '720 patent or the '277 patent, either literally or under the doctrine of equivalents.

## SECOND DEFENSE – INVALIDITY

2.      The asserted claims of the '720 and '277 patents are invalid for failing to comply with one or more of the requirements for patentability under, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112.

## THIRD DEFENSE – 35 U.S.C § 287

3.      Ravgen's '720 and '277 patent infringement claims and Prayer for Relief are limited by 35 U.S.C. § 287.

## FOURTH DEFENSE – EQUITABLE ESTOPPEL

4.      Ravgen's '720 and '277 patent infringement claims are barred under the doctrine of equitable estoppel.

## FIFTH DEFENSE – ADEQUATE REMEDY AT LAW

5.      Ravgen has an adequate remedy at law and the alleged injury to Ravgen is not immediate or irreparable.  Accordingly, Ravgen is not entitled to injunctive relief even if it were able to establish liability.

## SIXTH DEFENSE – NO EXCEPTIONAL CASE

6.      Illumina has not engaged in any conduct that would make this an exceptional case or that would entitle Ravgen to an award of attorneys' fees.

## SEVENTH DEFENSE – FAILURE TO STATE A CLAIM

7.      Ravgen's Complaint fails to state a claim upon which relief may be granted.

## ILLUMINA'S COUNTERCLAIMS AGAINST RAVGEN

In support of its counterclaims against Ravgen, Illumina alleges as follows:

### NATURE OF THE ACTION

1.       In response to Ravgen's allegations in the Complaint, Illumina seeks a declaratory judgment that it has not infringed either U.S. Patent Nos. 7,727,720 (the "'720 Patent") or 7,332,277 (the "'277 Patent") (collectively the "Patents-in-Suit"), arising under the Patent Laws of the United States 35 U.S.C. § 271 *et seq.*

### THE PARTIES

2.       Ravgen is a Delaware corporation with its principal place of business at 9241 Rumsey Rd., Columbia, MD 21045.

3.       Illumina is a Delaware corporation with its principal place of business at 5200 Illumina Way, San Diego, California, 92122.

### JURISDICTION AND VENUE

4.       The Court has subject matter jurisdiction of Illumina's declaratory judgment counterclaims pursuant to 28 U.S.C. §§ 2201 & 2202.

5.       The Court has personal jurisdiction over Ravgen because Ravgen is a Delaware corporation and has consented to jurisdiction in this District by filing its original Complaint in this action.

6.       Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Ravgen is a Delaware corporation and has consented to this venue by filing its original Complaint in this action.

### FIRST COUNT

A.       (Declaration of Non-Infringement of U.S. Patent No. 7,727,720)

7.     Illumina incorporates by references and restates the preceding Paragraphs 1-6 of its Counterclaims as though fully set forth herein.

8.     Ravgen has brought an action asserting the '720 patent against Illumina

9.     Ravgen has alleged that it is the legal owner by assignment of the '720 patent.

10.    Ravgen has alleged and continues to allege that Illumina has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '720 patent.

11.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Ravgen and Illumina concerning whether Illumina has infringed and is infringing any valid and enforceable claim of the '720 patent.

12.    Illumina's Verifi, VeriSeq, and TruSight Tests are not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid and enforceable claim of the '720 patent.

13.    By virtue of the foregoing, Illumina desires a judicial determination of its rights and duties with respect to any alleged infringement of the '720 patent.

14.    A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## SECOND COUNT

**A.     (Declaration of Invalidity of U.S. Patent No. 7,727,720)**

15.    Illumina incorporates by references and restates the preceding Paragraphs 1-6 of its Counterclaims as though fully set forth herein.

16.    Ravgen has brought an action asserting the '720 patent against Illumina

17.    Ravgen has alleged that it is the legal owner by assignment of the '720 patent.

18.    Ravgen has alleged and continues to allege that Illumina has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '720 patent.

19.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Ravgen and Illumina concerning whether Illumina has infringed and is infringing any valid and enforceable claim of the '720 patent.

20.     The claims of the '720 patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or the rules, regulations and law pertaining thereto.

21.     By virtue of the foregoing, Illumina desires a judicial determination of its rights and duties with respect to any alleged infringement of the '720 patent.

22.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## THIRD COUNT

### A.     (Declaration of Non-Infringement of U.S. Patent No. 7,332,277)

23.     Illumina incorporates by references and restates the preceding Paragraphs 1-6 of its Counterclaims as though fully set forth herein.

24.     Ravgen has brought an action asserting the '277 patent against Illumina

25.     Ravgen has alleged that it is the legal owner by assignment of the '277 patent.

26.     Ravgen has alleged and continues to allege that Illumina has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '277 patent.

27.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Ravgen and Illumina concerning whether Illumina has infringed and is infringing any valid and enforceable claim of the '277 patent.

28.     Illumina's Verifi, VeriSeq, and TruSight Tests are not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid and enforceable claim of the '277 patent.

29.     By virtue of the foregoing, Illumina desires a judicial determination of its rights and duties with respect to any alleged infringement of the '277 patent.

30.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights and duties determined by the Court.

## FOURTH COUNT

**A.     (Declaration of Invalidity of U.S. Patent No. 7,332,277)**

31.     Illumina incorporates by references and restates the preceding Paragraphs 1-6 of its Counterclaims as though fully set forth herein.

32.     Ravgen has brought an action asserting the '277 patent against Illumina

33.     Ravgen has alleged that it is the legal owner by assignment of the '277 patent.

34.     Ravgen has alleged and continues to allege that Illumina has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '277 patent.

35.     An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, has arisen and exists between Ravgen and Illumina concerning whether Illumina has infringed and is infringing any valid and enforceable claim of the '277 patent.

36.     The claims of the '277 patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, and/or the rules, regulations and law pertaining thereto.

37.     By virtue of the foregoing, Illumina desires a judicial determination of its rights and duties with respect to any alleged infringement of the '720 patent.

38.     A judicial declaration is necessary and appropriate at this time so that the parties

may proceed in accordance with their respective rights and duties determined by the Court.

## **REQUEST FOR RELIEF**

WHEREFORE, having fully answered Ravgen's Complaint and having asserted

Affirmative Defenses, and Counterclaims, Illumina respectfully requests the following relief:

A.     That this Court enter judgment on Ravgen's Complaint and Illumina's

Counterclaims in favor of Illumina, against Ravgen, with Ravgen being awarded no relief of any

kind in this action;

B.     That this Court enter judgment and/or declarations that Illumina does not infringe

the '720 and '277 patents and that the '720 and '277 patents are invalid;

C.     That this Court enter a judgment declaring this case exceptional under 35 U.S.C. §

285 and awarding Illumina its attorneys' fees and prejudgment and post-judgment interest;

D.     That this Court award Illumina all of its costs of this action; and

E.     That this Court grant such other and further relief as the Court shall deem just and

proper.

ASHBY & GEDDES

*/s/ Steven J. Balick*

_____

Steven J. Balick (#2114)

*Of Counsel:*

Andrew C. Mayo (#5207)

500 Delaware Avenue, 8th Floor

Edward R. Reines

P.O. Box 1150

Derek C. Walter

Wilmington, DE  19899

WEIL, GOTSHAL &MANGES LLP

(302) 654-1888

201 Redwood Shores Parkway

sbalick@ashbygeddes.com

Redwood Shores, CA 94065

amayo@ashbygeddes.com

(650-802-3000

*Attorneys for Defendants Illumina, Inc.*

Dated:  January 27, 2021

*and Verinata Health, Inc.*