IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Ravgen, Inc.,<br><br>                Plaintiff,<br><br>     v.<br><br>Illumina, Inc. and Verinata Health, Inc.,<br><br>                Defendants. | Civil Action No. 20-cv-1644-RGA-JLH<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF RAVGEN'S ANSWER TO ILLUMINA'S COUNTERCLAIMS**

Plaintiff and Counterclaim Defendant Ravgen, Inc. ("Ravgen") answers Defendants and Counterclaimants Illumina, Inc. and Verinata Health, Inc.'s (collectively "Illumina") counterclaims (D.I. 9) ("Counterclaims") as follows:

**NATURE OF THE ACTION**

1. Ravgen admits that the Complaint in this action alleges that Defendants have infringed at least 7,727,720 (the "'720 Patent") and 7,332,277 (the "'277 Patent"). Ravgen further admits that Illumina purports to seek a declaratory judgment that it has not infringed either the '720 Patent or the '277 Patent arising under the Patent Laws of the United States 35 U.S.C. § 271 *et seq*. Except as admitted, Ravgen denies any remaining allegations in Paragraph 1 of the Counterclaims.

**THE PARTIES**

2. Ravgen admits the allegations in Paragraph 2 of the Counterclaims.

3. Ravgen admits the allegations in Paragraph 3 of the Counterclaims.

## JURISDICTION AND VENUE

4. Ravgen does not contest that this Court has jurisdiction over the subject matter of these Counterclaims. The remaining allegations in Paragraph 4 of the Counterclaims are legal conclusions that require no response.

5. Ravgen does not contest that this Court has personal jurisdiction over Ravgen. The remaining allegations in Paragraph 5 of the Counterclaims are legal conclusions that require no response.

6. Ravgen does not contest that venue is proper in this District. The remaining allegations in Paragraph 6 of the Counterclaims are legal conclusions that require no response.

## FIRST COUNT

**A.    (Declaration of Non-Infringement of U.S. Patent No. 7,727,720)**

7. Ravgen incorporates by reference Paragraphs 1-6.

8. Ravgen admits the allegations in Paragraph 8 of the Counterclaims.

9. Ravgen admits that it is the legal owner by assignment of the '720 patent.

10. Ravgen admits that it has alleged that Illumina has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '720 patent.

11. Ravgen admits that Illumina purports to seek a declaration under 28 U.S.C. §§ 2201 and 2202 concerning whether Illumina has infringed and is infringing any valid and enforceable claim of the '720 Patent. The remaining allegations in Paragraph 11 of the Counterclaims are legal conclusions that require no response.

12. Ravgen denies the allegations in Paragraph 12 of the Counterclaims.

13. Ravgen admits that Illumina purports to desire a judicial determination of its rights and duties with respect to any alleged infringement of the '720 patent.

14. The allegations in Paragraph 14 are legal conclusions that require no response.

## SECOND COUNT

A. **(Declaration of Invalidity of U.S. Patent No. 7,727,720)**

15. Ravgen incorporates by reference paragraphs 1–6.

16. Ravgen admits the allegations in Paragraph 16 of the Counterclaims.

17. Ravgen admits that it is the legal owner by assignment of the '720 patent.

18. Ravgen admits that it has alleged that Illumina has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '720 patent.

19. Ravgen admits that Illumina purports to seek a declaration under 28 U.S.C. §§ 2201 and 2202 concerning whether Illumina has infringed and is infringing any valid and enforceable claim of the '720 Patent. The remaining allegations in Paragraph 19 of the Counterclaims are legal conclusions that require no response.

20. Ravgen denies the allegations in Paragraph 20 of the Counterclaims.

21. Ravgen admits that Illumina purports to desire a judicial determination of its rights and duties with respect to any alleged infringement of the '720 patent.

22. The allegations in Paragraph 22 are legal conclusions that require no response.

## THIRD COUNT

A. **(Declaration of Non-Infringement of the U.S. Patent No. 7,332,277)**

23. Ravgen incorporates by reference Paragraphs 1-6.

24. Ravgen admits the allegations in Paragraph 24 of the Counterclaims.

25. Ravgen admits that it is the legal owner by assignment of the '277 patent.

26. Ravgen admits that it has alleged that Illumina has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '277 patent.

27. Ravgen admits that Illumina purports to seek a declaration under 28 U.S.C. §§ 2201 and 2202 concerning whether Illumina has infringed and is infringing any valid and enforceable claim of the '277 Patent. The remaining allegations in Paragraph 27 of the Counterclaims are legal conclusions that require no response.

28. Ravgen denies the allegations in Paragraph 28 of the Counterclaims.

29. Ravgen admits that Illumina purports to desire a judicial determination of its rights and duties with respect to any alleged infringement of the '277 patent.

30. The allegations in Paragraph 30 are legal conclusions that require no response.

### FOURTH COUNT

A. **(Declaration of Invalidity of U.S. Patent No. 7,332,277)**

31. Ravgen incorporates by reference paragraphs 1–6.

32. Ravgen admits the allegations in Paragraph 32 of the Counterclaims

33. Ravgen admits that it is the legal owner by assignment of the '277 patent.

34. Ravgen admits that it has alleged that Illumina has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '277 patent.

35. Ravgen admits that Illumina purports to seek a declaration under 28 U.S.C. §§ 2201 and 2202 concerning whether Illumina has infringed and is infringing any valid and enforceable claim of the '277 Patent. The remaining allegations in Paragraph 35 of the Counterclaims are legal conclusions that require no response.

36. Ravgen denies the allegations in Paragraph 36 of the Counterclaims.

37. Ravgen admits that Illumina purports to desire a judicial determination of its rights and duties with respect to any alleged infringement of the '720 patent.

38. The allegations in Paragraph 38 are legal conclusions that require no response.

## PRAYER FOR RELIEF

Ravgen denies that Illumina is entitled to any relief, either as prayed for in its Counterclaims or otherwise. Ravgen further denies each allegation contained in Illumina's Counterclaims that was not specifically admitted, denied, or otherwise responded to herein. Ravgen respectfully requests that the Court enter judgment in its favor and against Illumina on the Counterclaims, declare this case exceptional under 35 U.S.C. § 285, award Ravgen its attorneys' fees, costs, and expenses, and grant Ravgen such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Ravgen hereby demands a trial by jury on all issues so triable.

Dated: February 17, 2021

*Of Counsel:*

John M. Desmarais
Kerri-Ann Limbeek
Brian D. Matty
Michael Ling
Deborah J. Mariottini
Email: jdesmarais@desmaraisllp.com
Email: klimbeek@desmaraisllp.com
Email: bmatty@desmaraisllp.com
Email: mling@desmaraisllp.com
Email: dmariottini@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff Ravgen, Inc.*